United States District Court
Southern District of Texas
**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERGIO GILFREDO POULOUT QUESADA, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-4382 |
| RAYMOND THOMPSON, et al., | § § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Sergio Gilfredo Poulout Quesada ("Petitioner"), who is a citizen of Cuba, entered the United States without inspection on January 1, 2024.[1]  On January 2, 2026, Petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2]  On April 16, 2026, Petitioner was taken into

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 2; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 6-1, p. 2.

Immigration and Customs Enforcement custody.[3]  Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process.[5]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[6]  Petitioner has filed a supplemental memorandum in support of his Habeas Petition in reply.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention does not violate substantive or procedural due process.  As

---

[3]Respondents' MSJ, Docket Entry No. 6, p. 2.

[4]Id.

[5]Habeas Petition, Docket Entry No. 1, pp. 3-4; see also Supplemental Memorandum in Support of Habeas Corpus Petition, Docket Entry No. 2, pp. 3-4.

[6]Respondents' MSJ, Docket Entry No. 6, p. 1.

[7]Petitioner's Pro Se Supplemental Memorandum in Further Support of Petition for Writ of Habeas Corpus Based on New Controlling Fifth Circuit Authority, Docket Entry No. 7. Petitioner argues that he is entitled to a bond hearing based on the Fifth Circuit's recent opinion in Rodriguez v. Ortega, No. 26-50183, 2026 WL 1906557 (5th Cir. Jul. 2, 2026).  Id. at 2-3. However, that opinion has been vacated. Rodriguez v. Ortega, No. 26-50183, 2026 WL 2014647 (5th Cir. Jul. 10, 2026).

explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED**, Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 24th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE